UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-40120-RGS

TIMOTHY DOYLE YOUNG

v.

UNITED STATES

MEMORANDUM AND ORDER

July 28, 2010

STEARNS, D.J.

On July 6, 2010, petitioner Timothy Doyle Young ("Young"), a prisoner incarcerated at USP Max ADX, a federal penitentiary in Florence, Colorado, and a frequent filer,[1] filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Although Young is physically located in Colorado, he claims that this court has jurisdiction over his habeas petition because the Tenth Circuit "has repeatedly and consistently repudiated its jurisdiction since June 2006 because of judicial misconduct and criminal acts." Pet. at ¶ 4.

Young asserts a variety of claims. Briefly, these include: (1) claims regarding the Tenth Circuit's dismissal of his actions and his judicial misconduct complaints;[2] (2) constitutional challenges to the "three-strike" rule of 28 U.S.C. § 1915(g) and to the

---

[1]Young has filed over 100 cases throughout the country.

[2]Young alleges that the Tenth Circuit has used false information obtained through *ex parte* contacts to dismiss every case that he has filed. Pet. at ¶ 5. He also claims that 28 U.S.C. § 252, which governs the review of judicial misconduct complaints by the chief judge and judicial council of a court of appeals, is unconstitutional, and alleges that a judicial council of the Tenth Circuit abused its authority by failing to convene a special committee to address Young's allegation of misconduct by a district judge.

determination that he is a "three-strikes" litigant;[3] (3) complaints about his conditions of confinement;[4] (4) claims regarding his criminal proceedings, including a claim that the "Waiver of Reply" deprived him of the opportunity to prove due process violations based on the alleged fabrication of evidence and intimation of witnesses; (5) challenges to the requirement that he must exhaust administrative remedies before filing suit, arguing that the Federal Bureau of Prisons does not have an adequate administrative grievance procedure; and (6) challenges to the Finality Clause of 28 U.S.C. §§ 352(c) and 357(c) on the grounds that it is unconstitutionally vague and overbroad on its face and as applied.

As relief, Young seeks a declaration that the various statutes cited are unconstitutional. He also seeks a third-party remedy similar to an Alternative Dispute Resolution process instead of exhausting the prison grievance procedures. Finally, Young seeks appointment of counsel.

On July 7, 2010, a Procedural Order (Docket No. 3) issued directing Young to pay the $5.00 filing fee or file a motion seeking a waiver thereof.

---

[3]Young challenges the "three-strikes" rule of 28 U.S.C. § 1915(g) (providing that a prisoner who has had three or more civil actions or appeals dismissed as "frivolous, malicious, or for failure to state a claim upon which relief may be granted" is ineligible to proceed with a civil action *in forma pauperis*), claiming that this statutory provision is unconstitutional on its face, and contends that because he has no money to pay a civil action filing fee, he has been denied access to the courts. He also contests the determination by other judges that he is, in fact, a "three-strikes" litigant. See Young v. United States, Civil Action No. 1:09-01974 (N.D. Ill. May 5, 2009) (finding Young to be a "three-strikes" litigant and listing cases).

[4]Young alleges, *inter alia*, that: (1) he has been subject to numerous "shakedowns" in prison; (2) his legal materials and personal property have been destroyed; and (3) he has lost income. He also claims he has lost good time credits but fails to state the cause of the loss.

DISCUSSION

The habeas petition has not been served so that the court may first determine whether the respondent should be required to reply to the petition. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).

This is not the first time that Young has sought habeas relief in this court presenting the same arguments with respect to the alleged unconstitutionality of the "three-strikes" rule of 28 U.S.C. § 1915(g), the "Waiver of Reply," the Tenth Circuit actions, and the administrative remedy exhaustion requirement under the Prison Litigation Reform Act. Indeed, on April 5, 2010, Young filed a substantially similar habeas petition, Young v. United States, Civil Action No. 10-10586-RGS, which this court dismissed *sua sponte* on April 12, 2010. This court declined to transfer that matter to the jurisdiction of Young's confinement because he did not present a ground for habeas relief. See Memorandum and Order (Docket No. 3); Order of Dismissal (Docket No. 4). Young appealed the dismissal and that appeal is pending. See Young v. United States, No. 10-1576 (1st Cir. 2010). On July 8, 2010, this court issued an Order (Docket No. 8) denying Young's Motion for Leave to Proceed on Appeal *in forma pauperis* because Young did not seek appellate review of a non-frivolous issue.

As this court previously noted in Young's earlier case, under 28 U.S.C. § 2241, a federal court has the authority to entertain a petition for a writ of habeas corpus brought a petitioner who is within the court's jurisdiction at the time the petition is filed. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) ("District courts are limited to

granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a)); see also id. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). As Young is confined within the District of Colorado, this Court lacks jurisdiction over his habeas petition. As in Young's prior petition, his argument that jurisdiction exists within this District because of the alleged misconduct of the Tenth Circuit is unavailing.

In any event, even if this court had jurisdiction, Young has not set forth any grounds for habeas relief. Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]." Muhammad v. Close, 540 U.S. 749, 750 (2004) (citation omitted)

Young does not seek release. The crux of his petition is a roundabout challenge to the legality of statutes concerning his ability to prosecute non-habeas civil actions and judicial misconduct complaints, and his complaints concerning the conditions of his confinement. None of these is the proper subject of a habeas petition.

Notwithstanding the fact that a three-strikes prisoner cannot challenge the constitutionality of the three-strikes statute unless he first pays the $350.00 civil action filing fee (because he is a three-strikes prisoner he is not entitled to proceed *in forma pauperis*),

this irony does not provide a basis for habeas relief, nor does it entitle him to circumvent application of the statute by proceeding in a habeas petition rather than a non-habeas civil action.

Next, to the extent that Young is attempting to raise a due process challenge with respect to any criminal conviction, such challenge might be asserted in a motion pursuant to 28 U.S.C. § 2255 or a habeas petition under 28 U.S.C. § 2241 (invoking the savings clause of § 2255), but in either case, this District is not the proper forum in which to assert his collateral attacks. Finally, although Young alludes to a loss of good time credit, this is an amorphous allegation without any underlying factual support or explanation of circumstances concerning the loss. While the loss of good time credit could raise habeas claims, this is not the proper court in which to raise those claims, and Young is not foreclosed by this Memorandum and Order from seeking habeas relief in the jurisdiction in which he is confined.

In light of the above, this court DENIES the habeas petition and declines to transfer this action pursuant to 28 U.S.C. § 1404(a) because transfer would not be in the interests of justice. Further, the court DENIES Young's request for appointment of counsel and CERTIFIES that any appeal of the dismissal of this habeas petition would not be taken in good faith.

Finally, to ensure that Young does not waste the judicial resources of this Court again, Young is hereby prohibited from filing any further habeas petitions in this District that raise the same or substantially similar issues raised in either Civil Action No. 10-10586-RGS or this action.

## CONCLUSION

For the foregoing reasons, it is hereby Ordered that:

1. The petition for a writ of habeas corpus is DENIED;

2. Young's request for appointment of counsel is DENIED;

3. Young is PROHIBITED from filing any further habeas petitions in this District that raise the same or substantially similar issues raised in Civil Action No. 10-10586-RGS or this action;

4. The court CERTIFIES that any appeal of the dismissal of this action would not be taken in good faith; and

5. This action is DISMISSED in its entirety.[5]

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

[5] In view of this dismissal, the court need not address the unresolved filing fee issue.